IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 7, 2022

**ALYONA FORREST v. OLUSEYI KUNNU**

**Appeal from the Juvenile Court for Maury County**
**No. 17JV26  Robert C. Richardson, Judge**

_____

**No. M2021-01458-COA-R3-JV**
_____

A father appeals the modification of a parenting plan. Because the order appealed does not resolve all of the claims between the parties, we dismiss the appeal for lack of a final judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ANDY D. BENNETT, W. NEAL MCBRAYER, and JEFFREY USMAN, JJ.

Corletra Faye Mance, Nashville, Tennessee, for the appellant, Oluseyi Kunnu.

Jason R. Nabors, Spring Hill, Tennessee, for the appellee, Alyona Forrest.

**MEMORANDUM OPINION[1]**

Genesis F. was born in November of 2016. On February 10, 2017, the trial court entered an order establishing parentage and support. The father subsequently sought parenting time, and the trial court entered a parenting plan on January 19, 2018, naming the mother as the primary residential parent. On June 17, 2021, the father filed a petition for modification of the parenting plan and to change the child's surname. The mother opposed the petition and proposed her own modified parenting plan. On November 9, 2021, the trial court entered an order denying the father's request to change the child's surname and adopting, with some modification, the parenting plan proposed by the mother. The order requires the father to provide opposing counsel with documentation reflecting his earnings and provides that "support shall be calculated accordingly under the guidelines with this visitation schedule." The record does not contain a subsequent order setting the amount of child support. The father filed his notice of appeal on December 8, 2021.

---

[1]Under the rules of this Court, as a memorandum opinion, this opinion may not be published, "cited[,] or relied on for any reason in any unrelated case." TENN. CT. APP. R. 10.

A party is entitled to an appeal as of right only after the trial court has entered a final judgment. TENN. R. APP. P. 3(a). A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. TENN. R. APP. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d at 645.

This Court received the record on appeal on April 29, 2022. After reviewing the record, the Court determined that the judgment appealed was not final because it did not resolve the issue of child support. On May 13, 2022, the Court ordered the parties either to obtain a final judgment disposing of the remaining issue within ninety days or else to show cause why the appeal should not be dismissed. Although more than ninety days have passed, the parties have not responded to the show cause order, and the trial court clerk has notified the Court that the trial court has still not entered a final judgment.

The appeal is hereby dismissed for lack of a final judgment. The dismissal is without prejudice to the filing of a new appeal once a final judgment has been entered. The case is remanded to the trial court for further proceedings consistent with this opinion. The costs are taxed to the appellant.

PER CURIAM

- 2 -